United States District Court
For the Eastern District of New York

------------------------------------------------------------------]

Jessica Fernanda Inga Chacon,

    Plaintiff,

v.

Merrick Garland, Attorney General of the United States;
Alejandro Mayorkas, Secretary of the United States
Department
of Homeland Security;
Ur M. Jaddou, Director of the United States Citizenship and
Immigration Services;
Terri A. Robinson, Acting Director of the United States
Citizenship and Immigration Services; and
Barbara Q. Velarde, Chief of the Administrative Appeals
Office,

    Defendants.

------------------------------------------------------------------]

COMPLAINT

DKT No.: 22-1926

Initials:

COVER FOR PLAINTIFF'S COMPLAINT

Submitted by:

Bruno J Bembi
Attorney for Plaintiff
P.O. Box 5248
Hempstead, NY 11551
(516) 483-7372

BB 8381

Jurisdiction

1. This Honorable Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1331 and 1361 because this case arises under the APA, 5 U.S.C. sections 551 et seq. This Honorable Court has jurisdiction to hear these claims under the APA. <u>Department of Homeland Security v Regents of the Uiversity of California,</u> No. 18-587 (U.S. June 18, 2020); <u>Perez v Cuccinelli</u>, 949 F.3d 865 (4th Cir. 2020); <u>Reyes v Cissna</u>, 737 Fed. Appx 140 (4th Cir. 2018); <u>Casa de Md v. United States Dep't of Homeland Sec.</u>, 924 F.3d 684 (4th Cir. 2019).

Venue

2. Venue properly lies in this District because a substantial part of the events or omissions giving rise to this action occurred in this District. 28 U.S.C. section 1391(b). Further, Defendants are officers or employees of the United States acting in their official capacity. 28 U.S.C. section 1391(e). Additionally, Plaintiff resides in Nassau County, New York.

Parties

3. Plaintff, Jessica Fernanda Inga Chacon resides in Nassau County.

4. Defendant, Merrick Garland, is the Attorney General of the United States. He has an office at the Robert F. Kennedy Department of Justice Building, 950 Pennsylvania Ave NW, Washington DC 20044.

5. Defendant, Alejandro Mayorkas, is the Secretary of the United States Department of Homeland Security with offices at 2707 Martin Luther King Jr. Ave SE, Washington D.C. 20528.

6. Defendant, Ur M. Jaddou, is the Director of the United States Citizenship and Immigration Services with offices at 2707 Martin Luther King Jr. Ave, SE, Washington DC 20528-0485.

7. Defendant, Terri A. Robinson, is the Acting Director of the United States Citizenship and Immigration Services with an address at National Benefits Center, P.O. Box 25920, Overland Park, KS 66225.

8. Defendant, Barbara Q. Velarde is the Chief of the Administrative Appeals Office with an address at the United States Citizenship and Immigration Services, Administrative Appeals Office, Washington DC 20529.

Facts

9. Ms. Inga submitted an application on form I-360 to USCIS for special immigrant juvenile status [SIJ] pursuant to 8 U.S.C. section 1101(a)(27)(J) which CIS received on her 21st birthday which was May 30, 2017. She sent it by Federal

Express on May 26, 2017 to FBAS, USCIS, 131 S. Dearborn St 3rd Fl., Chicago, IL 60603 via overnight express.

10,    In a series of adverse decisions dated January 11, 2019, August 21, 2019, February 4, 2020 (and possibly other dates), CIS repeatedly denied her SIJ status based upon the fact that her form I-360 was received on her 21st birthday.

11.   There is no language in 8 U.S.C. section 1101(a)(27)(J) that requires that an applicant for SIJ status be under 21 years of age at the time the SIJ application is received by CIS.  CIS added that requirement to its interpretation of the statute without any lawful authority under 8 C.F.R. section 204.11(c)(1), now codified at 8 C.F.R section 204.11(b)(1).  However, there is no statutory support for such a requirement.

12.   The mailing address that CIS uses to receive I-360 applications does not allow personal delivery of the application.  It is not permitted to email a copy of the application to a process server in Chicago who can then hand deliver the application to CIS in a timely fashion.  CIS did not allow, at that time, nor does it allow now, electronic filing of I-360 applications.

13. CIS has unlawfully defined the word "petition" in its regulations, now at 8 C.F.R. section 204.11, to mean only the I-360 application where the regulations provide that the petition must be received before the applicant's 21st birthday, whereas an application first submitted to family court seeking guardianship or custody is also called a "petition" and CIS and DHS lack the lawful authority to define the term "petition" to mean only the I-360 application. If the word "petition" were used as the word plainly means, it would result in a requirement that the petition in family court be filed before the Applicant's 21st birthday and this would be sufficient to meet any deadlines for such process.

14. Ms. Inga filed a form I-290B around the end of August 2019 with CIS plainly claiming membership in the class action lawsuit of R.F.M. v Nielsen, 365 F.Supp 3d 350 (SDNY 2019), but CIS ignored that claim and denied her administrative appeal without consideration of her rights as a class member of that lawsuit.

## Claims

15. Plaintiff repeats and incorporate by reference each and every allegation contained in the preceeding paragraphs numbered 1 through 14 as if fully set forth herein.

4

16. The APA prohibits federal action that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. section 706(2)(C), that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. section 706(2)(A), and that is taken "without observance of procedure required by law". 5 U.S.C. section 706(2)(D).

First Claim

17. The facts alleged in paragraphs 1 through 14 are realleged herein. 5 U.S.C. section 706(2)(C) prohibits federal action that is "in excess of statutory jurisdiction, authority, or limitation, or short of statutory right". CIS had no authority to restrict eligibility for SIJ status to those applications received before the applicant's 21st birthday, as 8 U.S.C. section 1101(a)(27)(J) does not use the word "child" in its definition of a special immigrant juvenile, requiring only that such applicants be immigrants. CIS also violated this subsection of the APA in failing to allow for personal delivery or email delivery of the I-360 applications, which would avert the problem caused by delays in mail services. CIS failed to consider that exceptional circumstances exist to allow for processing of Ms. Inga's I-360 application even though it was received on her 21st birthday. CIS impermissibly created its own definition of the word "petition" that deviates from the plain meaning of the word which includes guardianship and custody petitions. CIS also failed to consider that Ms. Inga is a class member of R.F.M.

v. Nielsen, and that class action does not permit rejection of I-360 applications received on the minor's 21st birthday.

Second Claim

18. The facts alleged in paragraphs 1 through 14 are realleged herein. 5 U.S.C. section 706(2)(A) prohibits agency action that is "arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law". CIS had no authority to restrict eligibility for SIJ status to those applications received before the applicant's 21st birthday, as 8 U.S.C. section 1101(a)(27)(J) does not use the word "child" in its definition of a special immigrant juvenile, requiring only that such applicants be immigrants. CIS also violated this subsection of the APA in failing to allow for personal delivery or email delivery of the I-360 applications, which would avert the problem caused by delays in mail services. CIS failed to consider that exceptional circumstances exist to allow for processing of Ms. Inga's I-360 application even though it was received on her 21st birthday. CIS impermissibly created its own definition of the word "petition" that deviates from the plain meaning of the word which includes guardianship and custody petitions. CIS also failed to consider that Ms. Inga is a class member of R.F.M. v. Nielsen, and that class action does not permit rejection of I-360 applications received on the minor's 21st birthday.

Third Claim

19. The facts alleged in paragraphs 1 through 14 are realleged herein. 5 U.S.C. section 706(2)(D) prohibits agency action that is taken "without observance of procedure required by law". CIS had no authority to restrict eligibility for SIJ status to those applications received before the applicant's 21st birthday, as 8 U.S.C. section 1101(a)(27)(J) does not use the word "child" in its definition of a special immigrant juvenile, requiring only that such applicants be immigrants. CIS also violated this subsection of the APA in failing to allow for personal delivery or email delivery of the I-360 applications, which would avert the problem caused by delays in mail services. CIS failed to consider that exceptional circumstances exist to allow for processing of Ms. Inga's I-360 application even though it was received on her 21st birthday. CIS impermissibly created its own definition of the word "petition" that deviates from the plain meaning of the word which includes guardianship and custody petitions. CIS also failed to consider that Ms. Inga is a class member of R.F.M. v. Nielsen, and that class action does not permit rejection of I-360 applications received on the minor's 21st birthday.

Fourth Claim

20. The facts alleged in paragraphs 1 through 14 are realleged herein.

The Due Process clause of the Fifth Amendment to the United States Constitution prohibits agency action that is contrary to law. CIS had no authority to restrict eligibility for SIJ status to those applications received before the applicant's 21st birthday, as 8 U.S.C. section 1101(a)(27)(J) does not use the word "child" in its definition of a special immigrant juvenile, requiring only that such applicants be immigrants. CIS also violated this subsection of the APA in failing to allow for personal delivery or email delivery of the I-360 applications, which would avert the problem caused by delays in mail services. CIS failed to consider that exceptional circumstances exist to allow for processing of Ms. Inga's I-360 application even though it was received on her 21st birthday. CIS impermissibly created its own definition of the word "petition" that deviates from the plain meaning of the word which includes guardianship and custody petitions. CIS also failed to consider that Ms. Inga is a class member of <u>R.F.M. v. Nielsen</u>, and that class action does not permit rejection of I-360 applications received on the minor's 21st birthday.

Prayer for relief

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Assume jurisdiction and venue over this matter;

2. Declare that:

   a. The denials of Ms. Inga's application and her appeal and motion to reopen or reconsider were (i) " in excess of statutory jurisdiction, authority, or limitations, or short of statutory right"; (ii) "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; (iii) taken "without observance of procedure required by law"; and (iv) otherwise in violation in law; and (v) in violation of due process of law;

3. Issue an injunction that sets aside the USCIS decisions denying the I-360 petition, appeal, and motion to reopen or reconsider and order the Defendants to approve Ms. Inga's I-360 petition;

4. Award attorney's fees pursuant to 28 U.S.S. section 2412; and

5. Grant such further relief as the Court deems just, equitable, and appropriate.

Respectfully submitted,

Dated: 4/5/22

_____
Bruno J Bembi
Attorney at Law
P.O. Box 5248
Hempstead, NY 11551
(516) 483 -7372 (office)

BB 8381