| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>------------------------------------------------------ X<br><br>IN RE 21ST BIRTHDAY DENIALS OF<br>SPECIAL IMMIGRANT JUVENILE<br>STATUS APPLICATIONS BY USCIS.<br><br><br>------------------------------------------------------ X | **FILED**<br>**CLERK**<br><br>4:26 pm, Feb 10, 2023<br><br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE**<br><br>MEMORANDUM OF DECISION<br>AND ORDER RE: MOTION FOR<br>RECONSIDERATION<br><br>Civil Action Nos. 22-CV-1926 (GRB)<br>22-CV-2319 (GRB) |

**APPEARANCES:**

For Plaintiffs:
Bruno J. Bembi
Attorney at Law
P.O. Box 5248
Hempstead, NY 11551

For Defendants:
Megan J. Freismuth, AUSA
Vincent Lipari, AUSA
United States Attorney's Office
610 Federal Plaza
Central Islip, NY 11722

**GARY R. BROWN, U.S. District Judge:**

Before the Court is a motion for reconsideration of the Memorandum of Decision and Show Cause Order herein dated October 28, 2022 (the "Order"), familiarity with which is assumed. *In re 21st Birthday Denials of Special Immigrant Juv. Status Applications by USCIS*, 2022 WL 16540657 (E.D.N.Y. 2022). Following the unexplained voluntary dismissal of these actions, the Order directed the government to (1) file copies of all settlement paperwork and/or file a document describing the terms and conditions under which these cases were dismissed and (2) show cause why the Court should not direct defendants to (a) describe the steps taken by defendants to ensure USCIS's compliance with the law and regulations in future Special Immigrant Juvenile Status (SIJS)

applications and (b) identify pending SIJS applications raising the same issues discussed in the Order. *Id.* at *11. While the government responded in part, it moves for reconsideration, arguing, *inter alia*, that the Court lacked jurisdiction to enter the Order. For the reasons set forth below, the motion for reconsideration is DENIED as to the portion of the Order directing defendants to disclose the terms of the settlement agreements, and the Court DEFERS ruling on the motion for reconsideration as to the show cause portion of the Order.

*Background*

The factual and procedural history of these cases as set forth in the Order are fully incorporated herein by reference and familiarity with which is assumed. *See* 2022 WL 16540657. In April 2022, plaintiffs filed complaints alleging violations of the Fifth Amendment and the Administrative Procedure Act ("APA") arising out of the denial of their SIJS applications as untimely filed because USCIS received those applications on each plaintiff's 21st birthday. *See* 22-cv-1926, DE 1; 22-cv-2319, DE 1. In September 2022, defendants filed pre-motion letters seeking dismissal of both actions, substantively briefing many of the issues discussed in the Order. *See* 22-cv-1926, DE 13; 22-cv-2319, DE 15.

On October 12, 2022, the Court held a pre-motion conference at which the Court raised the question of whether USCIS's manner of determining the timeliness of SIJS applications violated *Duarte-Ceri v. Holder*, 630 F.3d 83 (2d Cir. 2010). 22-cv-1926, DE 27, Tr. at 6. Accordingly, the Court invited factual submissions and scheduled an evidentiary hearing for October 31, 2022 regarding the hour of plaintiffs' births, the agency's seeming failure to consider the computation of time under 8 C.F.R. §1001.1(h) in the face of an intervening holiday, the effect of weather delays on timeliness determinations in one case, the absence of electronic service options and USCIS's designation of its Chicago office as the sole recipient for SIJS applications. Tr. at 7–13. On October 19, 2022, plaintiffs' counsel filed affidavits stating that plaintiffs Aguinaga-Diaz and Chacon were

born at 1 p.m. Central Standard Time and 10 p.m. Ecuador Time, respectively.  22-cv-2319, DE 18; 22-cv-1926, DE 17.

On October 24, 2022, the government filed a Stipulation of Dismissal without prejudice, executed by plaintiffs' counsel, in both cases.  22-cv-1926, DE 18; 22-cv-2319, DE 19.  "Neither stipulation discloses settlement terms or the resolution of plaintiffs' cases," so the Court was left to presume that some kind of settlement had been reached.  2022 WL 16540657, at *4.

The Order followed four days later.

*Defendants' Motion to Reconsider and Additional Facts Submitted*

On November 4, 2022, the Government responded to the Order with a motion for reconsideration.  DE 22.  In that submission, the Government provided certain supplemental facts.

According to the Government, on October 20, 2022 the day after plaintiffs filed evidentiary submissions as directed by the Court, USCIS agreed to reopen and approve plaintiffs' SIJS petitions. 22-cv-1926, DE 23, Decl. of AUSA Vincent Lipari, ¶ 3.  There was, in fact, no written settlement agreement; rather, the resolution apparently came about through undocumented telephone calls and a series of emails that have been submitted to the Court, but proved, in practice, somewhat less than clear.  On October 21, 2022, the assigned AUSA advised plaintiffs' counsel about the change in USCIS's position, and there was apparently some discussion of the filing of a stipulation of dismissal. DE 23, ¶ 3.  On October 24, 2022, the assigned AUSA sent plaintiffs' counsel an email stating:

> As we discussed and agreed last week, attached are two stipulations dismissing the Chacon and Diaz cases. Please sign and return both to me and we will sign and file both, together with a letter advising Judge Brown that the evidentiary hearings scheduled for 10/31 can be cancelled.
>
> As we further discussed and agreed, upon our executing and filing the stipulations, USCIS will reopen and approve Chacon's and Diaz's respective 1-360 application.

DE 23 at 5.  Plaintiffs' counsel responded:

> There is no language in these stipulations that CIS will approve the l-369s [sic].

> Therefore, I prefer to have the hearing on Oct. 31.

DE 23 at 7. After some further communications, plaintiffs' counsel wrote another email which appears to codify the settlement terms:

> Attached is my signed stipulation with the understanding that CIS will approve the 1-360.
>
> I agree with you that an evidentiary hearing on 10/31 is not necessary and we should cancel such hearing.

DE 23 at 11.

*Additional Facts Developed Since the Order*

The particular alignment of facts in the two cases before the Court – *i.e.*, that USCIS received a SIJS petition *on* an applicant's 21st birthday and rejected the application solely for this reason – seemed unusual, suggesting that the issues raised would prove exquisitely rare. However, subsequent developments and submissions demonstrate that this is not the case.

At the Court's request, the American Immigration Lawyers Association (AILA) submitted an amicus brief arguing that USCIS's practices, as identified in these cases, routinely result in the denial of SIJ status to bona fide applicants.[1] 22-cv-2319, DE 30 at 1. AILA submitted over 60 non-precedential decisions from the Administrative Appeals Office ("AAO") which, it argues, demonstrate an arbitrary and capricious pattern in determining the timeliness of SIJS applications. In four of these decisions, the AAO considered the hour of the applicant's birth to determine whether they were under 21 in cases where an application was received on their 21st birthday. Of those four decisions, two ruled there was insufficient evidence to prove the hour of birth by a preponderance of the evidence,[2] and two ruled that the applications were timely because they were received before the

---

[1] The Court extends its gratitude to AILA for its meticulous amicus submission, which greatly aided the Court in considering the Government's motion.
[2] *Matter of X-* (USCIS AAO Jan. 29, 2015), https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2015/JAN292015_03C6101.pdf (finding that the mother's sole affidavit averring that the

hour they turned 21, but denied SIJ status on other grounds.[3] In over twenty other decisions, however, the AAO reversed course and ruled that applications received on a 21st birthday are untimely, regardless of the hour of birth.[4] AILA points to other AAO decisions vacating the erroneous denial

---

applicant was born late in the evening does not establish by a preponderance of the evidence the time of the applicant's birth or that he was under the age of 21 when his SIJS petition was filed); *In Re: 16384819* (USCIS AAO Jan. 31, 2022), https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2022/JAN312022_01C6101.pdf (finding that a birth certificate amended to correct the hour of birth does not establish by a preponderance of the evidence that the applicant was under the age of 21 when his SIJS petition was filed).

[3] *Matter of X-* (USCIS AAO Nov. 18, 2013), https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2013/NOV182013_01C6101.pdf (finding that SIJS application received on applicant's 21st birthday at 7:23 AM was timely because the applicant was under the age of 21 since "this was approximately twelve hours prior to the time that the petitioner was born" but denying the petition due to deficiencies in the juvenile court order); *Matter of X-* (USCIS AAO Aug. 27, 2013), https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2013/AUG272013_01C6101.pdf (finding that SIJS application received on applicant's 21st birthday at 9:16 AM was timely because the applicant was under the age of 21 since "this was approximately thirteen hours prior to the time that the petitioner was born" but denying the petition due to deficiencies in the juvenile court order).

[4] https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2015/NOV172015_01C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2016/SEP192016_03C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2016/SEP122016_03C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2016/AUG182016_01C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2016/JUL272016_01C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2016/JUL222016_02C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2016/FEB292016_02C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2016/FEB052016_01C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2017/OCT242017_03C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2017/AUG042017_01C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2017/JUL052017_02C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2017/JAN262017_04C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2018/NOV282018_06C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2018/MAR092018_01C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2019/SEP272019_03C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2020/MAR172020_04C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2021/NOV242021_03C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2021/APR072021_01C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2021/MAR172021_13C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2021/FEB052021_01C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2022/SEP292022_02C6101.pdf; https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2022/SEP142022_03C6101.pdf.

of SIJ status on related grounds.[5]

In November 2022, two additional SIJS applicants whose petitions were denied because USCIS received them on their 21st birthdays filed complaints in this district alleging violations of the APA and the Fifth Amendment. *See* 22-cv-6826, DE 1; 22-cv-6906, DE 1.[6] On January 25, 2023, counsel for the Government requested a 60-day extension of time to respond to the complaint in one of those cases because "USCIS is currently engaged in deliberating about potential policy and operational changes that would likely, inter alia, affect the grounds for denying Plaintiff's SIJS petition, denial of which petition gave rise to this suit." 22-cv-6906, DE 13. The Court granted the requested extension of time to respond to the complaint until March 31, 2023. Electronic Order dated January 26, 2023.

Finally, another district court found itself faced with a case based upon the very procedural issues raised here. In *Rivera Perlera v. Mayorkas*, No. 8:21-cv-1320-PX, 2022 WL 16964707, at *1 (D. Md. Nov. 16, 2022), the court considered a motion to dismiss an action by a SIJS applicant whose application was first approved but then revoked three years later seemingly because the application had been received on his 21st birthday. 2022 WL 16964707, at *2. Citing the Order, the court in *Rivera Perlera* denied the Government's motion, finding that plaintiff had set forth a plausible claim

---

[5] In two cases, AAO reversed where it was erroneously determined that an application was untimely when in fact it was received prior to the applicant's 21st birthday. *In Re: 2160811* (USCIS AAO Nov. 27, 2020), https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2020/NOV272020_01C6101.pdf (finding that USCIS erroneously rejected SIJS application which was filed the day before petitioner turned 21); *Matter of S-D-R-R-*, (USCIS AAO May 30, 2018), https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2018/MAY302018_02C6101.pdf ("The Director denied the request for SIJ classification solely on the basis that the SIJ petition was not delivered until seven days after the Petitioner's 21st birthday; however, the SIJ petition was delivered by Priority Express Mail on a Saturday three days before the Petitioner's 21st birthday.") In another case, USCIS erroneously denied a timely application because it was not submitted on the new version of the form – which was not yet available – and then denied the newly submitted application as untimely because it was received after the applicant's 21st birthday. *In Re: 12236515* (USCIS AAO May 4, 2021), https://www.uscis.gov/sites/default/files/err/C6 - Dependent of Juvenile Court/Decisions_Issued_in_2021/MAY042021_01C6101.pdf.
[6] In one of these cases, the parties filed a stipulation of dismissal before any motion practice began. *See Saldana Tobon v. Garland et al*, 22-cv-6826, DE 13.

under the APA.  *Id.* at *3.

*Standard of Review*

Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000). The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided. *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990). The major grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, et al., Federal Practice & Procedure § 4478 at 790). Thus, a request for reconsideration under Local Rule 6.3 must advance controlling law or factual matters that the Court overlooked and that might reasonably be expected to alter the conclusion reached by the Court. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used either to advance different theories not previously argued or as a substitute for appealing a final judgment. *See Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999).

**DISCUSSION**

In its wide-ranging motion,[7] the Government vigorously opposes the submission of any additional data, and seems to suggest the Court should reconsider the Order in its entirety, which, the Government argues, is void. *See generally* 22-cv-1926, DE 22. These contentions are considered

---

[7] Many of the issues raised are simply meritless. For example, the Government's arguments that the Court ran afoul of the APA's "record rule" are unavailing because the Court did not rule on the merits of the APA claims and, in any event, this Court properly considered the extra-record evidence concerning the hour of the plaintiffs' births because the "agency ignored an important aspect of the problem." *Saget v. Trump*, 375 F. Supp. 3d 280, 342 (E.D.N.Y. 2019); *see also Nat'l Audubon Soc. v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997).

below.

*1. The Court had Jurisdiction to Direct Production of the Settlement Terms*

In the Order, the Court acknowledged that, generally, a Rule 41(a)(1)(A)(ii) stipulation of dismissal divests a court of jurisdiction and court approval of a settlement agreement is not required. 2022 WL 16540657 at *5 (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139 (2d Cir. 2004)). However, because courts may consider collateral issues after a case is dismissed, *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990), and the Department of Justice has a policy against confidential settlement agreements,[8] *see* 28 C.F.R. § 50.23(a), the Court reviewed the plaintiffs' claims, along with the circumstances of the dismissal, in order to determine whether there was a "strong public interest" weighing in favor of disclosure of the terms of the settlement leading to that dismissal. 2022 WL 16540657 at *6 n.12 (citing *Goodeagle v. United States*, 145 Fed. Cl. 646, 651 (2019)).

The Court found USCIS was "systematically disregarding the law" by considering only the applicant's date of birth and not the time of birth when determining whether a SIJS applicant was under 21 years old when their application was filed, contrary to *Duarte-Ceri*, 630 F.3d at 85, 91 (an applicant for derivative citizenship who is born in the evening is still "under the age of eighteen years" when their parent takes the oath of citizenship on the morning of their eighteenth birthday). 2022 WL 16540657 at *8–9. The Court also considered other concerns with the Government's processing of SIJS applications, including, *inter alia*, its refusal to accept electronic filing of SIJS applications or extend deadlines falling on weekends and federal holidays under 8 C.F.R. § 1001.1(h). *Id.* at *9–10. Finding that these matters implicate the public interest, the Court ordered the Government to "[f]ile copies of all settlement paperwork and/or file a document describing the terms

---

[8] In its motion, Government counsel asserts that "This Office and USCIS have not violated any government policy, nor withheld any settlement documents, nor attempted to conceal the terms of the resolution." DE 22 at 5. The Court fully credits this representation.

and conditions under which these cases were dismissed." *Id.* at *11.

As explained previously, "It is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter*, 496 U.S. at 395 ("district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)"); *Gambale*, 377 F.3d at 140–42 (holding that district court retained supervisory power over issue implicating public right to access litigation records). The Government's argument that the authority to rule on collateral matters "do[es] not include issuing decisions on the merits," DE 22 at 18, reflects a misunderstanding of the Court's Order. To clarify, this Court did *not* rule on the merits of plaintiffs' claims. Rather, the Court conducted a review of plaintiffs' claims "[t]o determine whether there is a 'strong public interest in this case,' which would weigh in favor of disclosure[.]" 2022 WL 16540657 at *6 (citing *Goodeagle*, 145 Fed. Cl. at 651). Consequently, the litany of cases the Government cites for the proposition that filing a Rule 41(a)(1)(A)(ii) stipulation of dismissal divests a court of jurisdiction are inapposite. *See* DE 22 at 15–17. Moreover, this case was not moot because, as the Government admits, one of the plaintiffs still had not been granted SIJ status at the time of the Court's Order. *See* DE 22 at 21 ("[O]n October 28, 2022 USCIS, shortly after the Court issued its Decision, reopened and approved Chacon's SIJS application."). Even if the case were moot, the Court still retained jurisdiction to consider collateral issues, as discussed previously.

The Court plainly had the authority to order the Government to disclose the settlement terms. The reasons for this are manifold. DOJ's policy against confidential settlements, found at 28 C.F.R. § 50.23(a), "flows from the principle of openness in government and is consistent with the Department's policies regarding openness in judicial proceedings (*see* 28 CFR 50.9) and the Freedom of Information Act[.]" As such, the settlement agreements are discoverable through a routine FOIA request. "The entry into a settlement with the government . . . while possibly not admissible as evidence in court, is still discoverable by way of a FOIA request." § 2.06 Discoverability of Evidence

of Settlement Offers or Negotiations, *Settlement Agreements in Commercial Disputes: Negotiating, Drafting, & Enforcement* (2022); *see NAACP Legal Def. Fund & Educ. Fund, Inc. v. U.S. Dep't of Just.*, 612 F. Supp. 1143, 1146 (D.D.C. 1985) (ordering the production of settlement-related documents in a FOIA request).[9] Whereas it is DOJ policy to keep settlements public and the terms of the settlement are readily discoverable through a FOIA request,[10] this Court's inherent authority empowers it to order the disclosure of plaintiffs' settlement agreements in cases before it when dictated by the public interest.

As in *Goodeagle*, which involved a settlement concerning the contamination of Indian lands, here the public interest weighs strongly in favor of disclosure. USCIS's unlawful denial of SIJS petitions received on applicants' 21st birthdays is not an isolated incident. The Trafficking Victims Protection Reauthorization Act's preservation of SIJS eligibility for noncitizens who were "child[ren] on the date on which [they] applied" evinces Congress's intent to protect abandoned, abused or neglected children who find their way to the United States, even if they subsequently age out after applying. *See* 8 U.S.C. § 1232(d)(6). Amicus curiae identified over twenty SIJS petitions that were

---

[9] Although FOIA disclosure exemption number five protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency," 5 U.S.C. § 552(b)(5), "[p]revailing authority within this Circuit holds that the discovery of settlement-related information is governed by [Rule 26(b)(1)], and that no heightened showing of relevance need be made in order to justify the disclosure of a settlement agreement." *Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, No. 12-CV-6383(JFB)(AKT), 2016 WL 4703656, at *6 (E.D.N.Y. Sept. 7, 2016) (quoting *ABF Capital Mgt. v. Askin Capital Mgt.*, 2000 WL 191698, at *1 (S.D.N.Y. Feb. 10, 2000)). Only the Sixth Circuit has recognized a settlement privilege, while the Seventh Circuit and the Federal Circuit have rejected the notion of a settlement privilege. *Compare Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003) *with In re MSTG, Inc.*, 675 F.3d 1337, 1342–48 (Fed. Cir. 2012) *and In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1124 n.20 (7th Cir. 1979); *see also In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n*, 439 F.3d 740, 754 (D.C. Cir. 2006) (declining to recognize a federal settlement privilege but leaving the question open); Annie Gowen, *Saving Federal Settlement Privilege After Actavis*, 83 U. CHI. L. REV. 1505, 1518–23 (2016) (nearly 90 percent of federal trial courts do not recognize a settlement privilege). The Second Circuit's decision in *In re Teligent, Inc.*, 640 F.3d 53 (2d Cir. 2011) does not apply here because it dealt with confidentiality provisions in protective orders the parties agreed to pursuant to voluntary mediation. *See In re Teligent, Inc.*, 640 F.3d 53, 56, 58 (2d Cir. 2011) ("A party seeking disclosure of confidential mediation communications must demonstrate (1) a special need for the confidential material, (2) resulting unfairness from a lack of discovery, and (3) that the need for the evidence outweighs the interest in maintaining confidentiality.").

[10] Although the Order did not explicitly make this finding, consistent with *Goodeagle* the settlement agreements are judicial documents for which the presumption of public access attaches because the settlements are "relevant to the Court's decision-making." *See Goodeagle*, 145 Fed. Cl. at 650–51 (2019) (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

denied solely because they were received on the applicant's 21st birthday; another action by an applicant whose SIJS petition was denied because it was received on their 21st birthday is pending before this Court; and yet another surfaced in published case law in the short interval since the Order was issued. In 2021 alone, USCIS received over 22,000 SIJS petitions and over 14,000 remained pending.[11] Amicus curiae emphasizes the disparate treatment between those who have the resources to litigate in federal court and those who do not. DE 30 at 11. It therefore seems reasonable and appropriate that the Court inquired into the terms of settlement here and considered directing further inquiry as to the agency's response to the issues identified.

The Second Circuit cases *Gambale* and *Cheeks* also support the Court's authority to issue the Order. *Gambale*'s holding that a court may *sua sponte* disclose sealed summary judgment documents after the parties have filed a stipulation of dismissal – together with its recognition that there may be circumstances requiring disclosure of a confidential settlement – is consistent with this Court's power to order the disclosure of a settlement agreement with the federal government. *See Gambale*, 377 F.3d at 142–43. Likewise, although the Court does not decide whether Rule 41's "applicable federal statute" exception applies here, *Cheeks*' holding that courts can condition dismissal of an FLSA action on the approval of the settlement necessarily implies a power to order the disclosure of a settlement agreement in appropriate circumstances. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Against this body of law, the Government has failed to cite a single case stating that this Court lacks authority to order the disclosure of a settlement agreement. For these reasons, the Court finds that it had the authority to order the disclosure of the Government's settlement terms.

---

[11] "Number of I-360 Petitions for Special Immigrant with a Classification of Special Immigrant Juvenile (SIJ) By Fiscal Year, Quarter, and Case Status, Fiscal Years 2010-2022," USCIS, https://www.uscis.gov/sites/default/files/document/reports/I360_sij_performancedata_fy2022_qtr1.pdf, last accessed Feb. 8, 2023.

In what appears to be a reference to this Court's show cause order, the Government states, erroneously, that the Court "stated, without deciding, that it may have continuing jurisdiction over this matter to monitor the terms of the settlement." DE 22 at 18. The Order does no such thing; rather, the Order explicitly stated that the stipulations of dismissal are *not* contingent upon the Court's approval of the settlements. 2022 WL 16540657 at *5. The Court's order to show cause why defendants should not be ordered to identify similar pending SIJS applications and USCIS's steps to ensure the lawfulness of its timeliness determinations in future SIJS applications is unrelated to the specific settlement agreements in this case and is not an effort to monitor or enforce the plaintiffs' settlements.

### 2. The Show Cause Order

The Court defers ruling on the Government's motion for reconsideration of the show cause order – or indeed opining as to the Government's showing in that regard – because of a development in a related case. In a related action, the Government has represented that USCIS is "deliberating about potential policy and operational changes that would likely, *inter alia*, affect the grounds for denying Plaintiff's SIJ petition[.]" 22-cv-6906, DE 13. Because the Government has indicated it may change how it determines the timeliness of SIJS applications, the Court need not reach this issue at this time.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration is DENIED as to the portion of the Court's Order directing defendants to disclose the settlement agreements, and the Court DEFERS ruling on the motion for reconsideration as to the portion of the Order directing the disclosure of certain information regarding SIJS applications "received" on the applicant's 21st birthday and the government's steps to ensure USCIS's compliance with the law in future determinations of the timeliness of SIJS applications.

**SO ORDERED**.

Dated: Central Islip, New York  /s/ Gary R. Brown
       February 10, 2023  GARY R. BROWN
                                                United States District Judge